NORTON MOORE & ADAMS L.L.P.
William A. Adams, Esq. CSBN. 135035
wadams@nmalawfirm.com
501 West Broadway, Suite 800
San Diego, California 92101
Tel: (619) 233-8200
Fax: (619) 393-0461

**Attorney for Defendants:**
Coastline Partners, LLC and
Getty Leasing, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Rutherford, an individual, | **Case No. 5:18-cv-01123-ODW-RAO** |
| Plaintiff, | |
| | **Complaint Filed: May 25, 2018** |
| v. | |
| Coastline Partners, LLC; Getty Leasing, Inc., a Delaware corporation; and Does 1-10, inclusive. | **DEFENDANT COASTLINE PARTNERS, LLC AND GETTY LEASING, INC.'S POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |
| | FRCP Rule 56 |
| | Date: October 22, 2018<br>Time: 1:30 P.M.<br>Courtroom: 5D<br>Judge: Hon. Otis D. Wright |

**TABLE OF CONTENTS**

**Introduction** ................................................................................ 1

**Summary of Motion** ................................................................... 1

**Statement of Relevant Facts** ..................................................... 1

**Discussion** .................................................................................. 2

   1.   Motion for Summary Judgment Standard .............................................. 2

   2.   District Court Loses Supplemental Jurisdiction When Federal Claims are Moot. ................................................................................................ 2

   3.   Defendants' voluntary removal of alleged barriers has mooted Plaintiff's ADA and injunctive relief claims, and eliminated any basis for Supplemental Jurisdiction of Plaintiff's State Law Claims. ......................... 3

**Conclusion** ................................................................................. 4

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California 92101
Ph: (619) 233-8200
wadams@nmalawfirm.com

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1968) ..................................2

*Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67 (1983)...............................2

*Langer v. Chavez*, 2018 U.S. Dist. LEXIS 121856 (C.D. Cal. 2018).............3

*NAACP., Western Region v. City of Richmond*, 743 F.2d 1346 (9th Cir.1984) ..............................................................................................................2

*Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011)..........................2

*Organization for Advancement of Minorities and David Singletary v. Brick Oven,* 406 F.Supp.2d 1120 (S.D. Cal. 2005) ..................................................2

*Pickern v. Holiday Quality Foods, Inc.* 293 F.3d 1133 (2002).......................2

**Statutes**

42 U.S.C. § 12188...........................................................................................2

**Rules**

Fed. R. Civ. P. 56............................................................................................2

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California 92101
Ph:   (619) 233-8200
wadams@nmalawfirm.com

## INTRODUCTION

Plaintiff James Rutherford (hereinafter "Plaintiff") brought this lawsuit against Defendants Coastline, LLC and Getty Leasing, Inc. (hereinafter "Defendants") for alleged violations of the Americans with Disabilities Act (hereinafter "ADA") and the Unruh Civil Rights Act (hereinafter "Unruh"). Defendants now bring this motion for summary judgment on the basis that Plaintiff's claims are now moot and Plaintiff is therefore without standing.

## SUMMARY OF MOTION

Plaintiff brought this lawsuit on the basis of ADA and state-law Unruh claims. In the time since Plaintiff filed the lawsuit, Defendants have modified the property and received a certified access specialist (hereinafter "CASp") report that the property is compliant with the ADA. Plaintiff's claims are therefore moot, and there is no case or controversy for which the Court can provide remedy. On this basis, Defendants move for summary judgment against Plaintiff's ADA cause of action and Unruh Act injunctive relief cause of action.

## STATEMENT OF RELEVANT FACTS

On June 1, 2018, Plaintiff filed this lawsuit against Defendants for "violations of the Americans with Disabilities Act" and the Unruh Civil Rights Act. Compl., ¶¶ 8-9. Defendants filed a motion to dismiss on the basis that Plaintiff has failed to establish standing and that supplemental jurisdiction should be declined. See Def. Mot. to Dismiss, 5:18-cv-01123-ODW-RAO. Even Plaintiff's barrier claims ranged between erroneous and de minimus. Nevertheless, Defendants expended substantial sums to upgrade their property to new construction ADA standards and to retain a CASp Adams Decl., ¶ 3. The CASp has made a final inspection of the property and determined that each of Plaintiff's claims have been corrected to fully

**1**
Defendants' Mem. of P&As ISO Motion for Summary Judgment
(**5:18-cv-01123-ODW-RAO**)

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California 92101
Ph: (619) 233-8200
wadams@nmalawfirm.com

comply with new construction standards. Ibid.; Statement of Uncontroverted Facts and Conclusions of law; Ex. 2.

## DISCUSSION

### 1. Motion for Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968).

### 2. District Court Loses Supplemental Jurisdiction When Federal Claims are Moot.

The ADA is an injunctive relief-only statute. *Organization for Advancement of Minorities and David Singletary v. Brick Oven,* 406 F.Supp.2d 1120, 1126 (S.D. Cal. 2005); 42 U.S.C. § 12188(a)(1). If injunctive relief becomes moot at any point in the action, plaintiff loses standing under the ADA. *See Pickern v. Holiday Quality Foods, Inc.* 293 F.3d 1133, 1137(2002). The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir.1984). "A defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co*., 654 F.3d 903, 905 (9th Cir. 2011).

### 3. Defendants' voluntary removal of alleged barriers has mooted Plaintiff's ADA and injunctive relief claims, and eliminated any basis for Supplemental Jurisdiction of Plaintiff's State Law Claims.

In *Langer v. Chavez*, a plaintiff brought similar ADA and California Unruh Act case.  Ex. 2; *See Langer v. Chavez*, 2018 U.S. Dist. LEXIS 121856 (C.D. Cal. 2018).  This Court recognized that if a defendant voluntarily removed alleged barriers prior to trial, the ADA case was moot and without an Article III case or controversy.  Id at 7.  Since the defendants had corrected the alleged violations of the ADA prior to trial, the Court granted their motion for summary judgment and dismissed the case without leave to amend.  Id.

This case presents identical issues, and therefore should yield the same result. Plaintiff's only claim with original jurisdiction is an ADA claim.  Compl. ¶¶8-10.  Defendants modified the property and a certified access specialist determined the property is ADA compliant.  Ex. 1; Statement of Uncontroverted Facts and Contentions of Law.  Therefore, the claim is moot, and Plaintiff is without standing.  Plaintiff has no basis for Supplemental Jurisdiction in District Court.

///

///

///

///

**3**
Defendants' Mem. of P&As ISO Motion for Summary Judgment
(**5:18-cv-01123-ODW-RAO**)

# CONCLUSION

Defendants' facility is fully compliant with the ADA and California disabled access regulations for public accommodations. Defendant respectfully requests that this court grant Summary adjudication against Plaintiff's ADA cause of action and Unruh Act injunctive relief claim.

Additionally, because Plaintiff's ADA and injunctive relief claims are moot, Plaintiff does not present a case or controversy for which the Court can provide a remedy and Plaintiff is without Article III standing. Therefore, Defendants respectfully request this Court to dismiss Plaintiff's remaining state law claims.

Date: September 14, 2018    **NORTON MOORE & ADAMS LLP**

By: /s/William Adams_____
William A. Adams
Attorney for Defendants
Coastline Partners, LLC and Getty Leasing, Inc.