NORTON MOORE & ADAMS L.L.P.
William A. Adams, Esq. CSBN. 135035
wadams@nmalawfirm.com
501 West Broadway, Suite 800
San Diego, California 92101
Tel: (619) 233-8200
Fax: (619) 393-0461

**Attorney for Defendants:**
Coastline Partners, LLC and
Getty Leasing, Inc.

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Rutherford, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Coastline Partners, LLC; Getty Leasing, Inc., a Delaware corporation; and Does 1-10, inclusive.<br><br>Defendants. | **Case No. 5:18-cv-01123-ODW-RAO**<br><br>**Complaint Filed: May 25, 2018**<br><br>**DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56-1**<br><br>FRCP Rule 56<br><br>Date: October 22, 2018<br>Time: 1:30 p.m.<br>Courtroom: 5D<br>Judge: Hon. Otis Wright |

Defendants Coastline Partners, LLC and Getty Leasing, Inc. (hereinafter, collectively, "Defendants") hereby submit its Separate Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment against Plaintiff James Rutherford (hereinafter "Plaintiff").

## Statement of Uncontroverted Facts

| Undisputed Material Fact | Source |
|---|---|
| Plaintiff brought this lawsuit for violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. | Complaint. |
| Plaintiff's only claim with original jurisdiction is his ADA claim. | Complaint, ¶¶8-10. |
| Defendants have modified their property with alleged barriers. | Adams Decl., ¶3. |
| Defendants property has been determined to be ADA compliant by a certified access specialist (hereinafter "CASp"). | Ex. 1 |
| A CASp has determined disabled parking placement has been corrected by adding another disabled parking space by the other entrance. | Ex. 1, pp. 7-8. |

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:   (619) 233-8200
Fax:  (619) 231-7595

| | |
|---|---|
| Plaintiff alleged "[t]he accessible parking spaces are not located on the shortest accessible route to the entrance per Section 208.3.1. Parking spaces complying with 502 that serve a particular building or facility shall be located on the shortest accessible route from parking to an entrance complying with 206.4. Where parking serves more than one accessible entrance, parking spaces complying with 502 shall be dispersed and located on the shortest accessible route to the accessible entrances." | Complaint, ¶15. |
| Plaintiff alleged "the curb ramp flares at the accessible parking space access zone exceed 14% in violation of Section 406.3." | Complaint, ¶15. |
| A CASp has determined the curb ramp has been corrected to comply with the ADA. | Ex. 1, pp. 11-12. |
| Plaintiff alleged "the restroom door knobs require tight twisting or turning of the wrist in violation of Section 309.4; and the height of the urinal is approximately 19 inches where 17 inches is the maximum allowed per Section 605.2." | Complaint, ¶15. |
| A CASp has determined the restroom door knobs are corrected and in compliance with the ADA. | Ex. 1, pp. 17-18. |

| | |
|---|---|
| Plaintiff alleged "the flush controls are not located on the open side of the water closet in violation of Section 604.6." | Complaint, ¶15. |
| A CASp has determined the flush controls are now on the correct side and now in compliance with the ADA. | Ex. 1, pp. 25-26. |
| Plaintiff alleged "a pedestal sink has been installed in this restroom. Pedestal sinks are inaccessible per Section 606.2 which requires a clear floor space complying with Section 305, positioned for a forward approach, and knee and toe clearance complying with 306." | Complaint, ¶15. |
| A CASp has determined the clear space has been corrected to comply with the ADA. | Ex. 1, pp. 19-20. |

## Conclusions of Law

1. Courts may only exercise jurisdiction over live "cases or controversies." U.S. Const. Art. III.

2. The ADA only provides for injunctive relief. *Organization for Advancement of Minorities and David Singletary v. Brick Oven*, 406 F.Supp.2d 1120, 1126 (S.D. CAL. 2005).

3. When a defendant voluntarily corrects alleged barriers to accessibility before trial, a plaintiff's ADA case becomes moot. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

///

///

4. When the only federal claims are eliminated before trial, the balance of factors supports declining jurisdiction of the state law claims. *Langer v. Chavez*, 2018 U.S. Dist. Lexis 121856 (C.D.Cal. 2018).

Date: September 14, 2018      **NORTON MOORE&ADAMS LLP**

By: s/William A. Adams_____

William A. Adams
Attorney for Defendants
Coastline Partners, LLC and
Getty Leasing, Inc.

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fax: (619) 231-7595