Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132889)
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COASTLINE PARTNERS, LLC; GETTY LEADING, INC., a Delaware Corporation, and DOES 1-10 inclusive,<br>Defendants. | Case No. 5:18-cv-01123-ODW-RAO<br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE FILED BY DEFENDANTS IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Date:** October 29, 2018<br>**Time:** 1:30 p.m.<br>**Ctrm:** 5D<br><br>Honorable Judge Otis D. Wright, II |

1

1 **TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

2  Plaintiff James Rutherford ("Plaintiff") hereby objects to the evidence filed by Defendants Coastline Partners, LLC and Getty Leading, Inc. ("Defendants") in support of Defendants' Motion for Partial Summary Judgment ("Motion") as follows:

"In a summary judgment motion, documents authenticated through personal knowledge must be attached to an affidavit that meets the requirements of [Rule 56(e)] and the affiant must be a person through whom the exhibits could be admitted into evidence." To meet the requirements of Rule 56, documents "are required to be authenticated by affidavits or declarations of persons with *personal knowledge* through whom they could be introduced at trial." *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) (emphasis added). "A writing is not authenticated simply by attaching it to an affidavit . . . The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document, . . . ." *U.S. v. Dribble*, 429 F.2d 598, 601-02 (9th Cir. 1970) (finding that summary judgment should cannot be predicated on insufficient affidavits that did not establish the admissibility of the attached evidence). In addition, "documents do not automatically become part of the record [on summary judgment] just because they are products of discovery." *Hoffman v. Applicators Sales and Service, Inc.*, 439 F.3d 9, 14-15 (1st Dir. 2006) (documents offered for summary judgment must be authenticated by someone with personal knowledge); *Estremera v. U.S.*, 442 F3d 580, 584–585 (7th Cir. 2006) (declaration of attorney insufficient to authenticate documents where knowledge was based only upon interviews with witnesses and review of documents).

Defendants' declaration filed in support of this Motion violates these principles in several respects. All of Defendants' evidence is unauthenticated, and Defendants make no attempt to properly lay the foundation for admissibility. Specifically, in his declaration, Defense counsel William Adams attempts to introduce a CASp Site

1 Accessibility Evaluation expert report, without foundation or authentication, and
2 purportedly authored by a third party who provides no sworn testimony for this
3 court to consider. This is incompetent evidence that must be disregarded by the
4 Court.

**I.  DECLARATION OF WILLIAM ADAMS**

Plaintiff objects to the declaration of Defendants' counsel, William Adams ("Adams Decl.") paragraphs 3-5 and Exhibit 1 attached thereto on several independent grounds. The evidence offered by Defendants is vague, conclusory, and ambiguous, lacks foundation (no firsthand knowledge and/or no testimony seeking admission as a business record – although it would not qualify), is alternatively hearsay (Craig Lobnow's unsworn statements) or multiple hearsay (Mr. Adams' statements about Mr. Lobnow's unsworn statements and inadmissible report) under the Federal Rules of Evidence. Mr. Lobnow's statements presented in the form of an unsigned declaration also violate Local Rules that apply to declarations. *See* C.D. Cal. L.R. 5-4.3.4(3). Mr. Adams declares modifications were made to the property located at 2646 E Alessandro Boulevard, Riverside, CA 92508 (the "Property"), that a Certified Specialist ("CASp") inspected the property, the Property is now fully ADA-complaint, and that the barriers Plaintiff alleged are "corrected." (Adams Decl. ¶¶3-4). Through his own declaration, Mr. Adams further attempts to introduce as Exhibit 1 a CASp Site Accessibility Evaluation, which is an expert report. But nowhere in Defendants' moving papers is there a declaration by the CASp expert himself, which could lay the foundation for his expert opinion or authenticate the report as required by Federal Rule of Evidence ("FRE") 702.

As a threshold matter, Federal Rule of Evidence 602 provides that "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a

1  witness's expert testimony under Rule 703." Mr. Adams is not an expert but is trying
2  to testify as an expert witness as to expert testimony and an expert report, to which he
3  did not prepare himself and has <u>no personal knowledge</u>. Therefore, paragraphs 3-4
4  and Exhibit 1 to Adams Decl. should be stricken pursuant to FRE 602. Similarly, Mr.
5  Adams failed to authenticate the Exhibit 1 expert report under FRE 902.

6        Mr. Adams further failed to establish minimum standards of qualification or
7  reliability of either himself (as an expert who makes or introduces expert testimony),
8  or of CASp Craig Lobnow, the purported author of the Site Accessibility Evaluation,
9  attached to the Adams Decl. as Exhibit 1 that could permit the court to consider it.
10 (Adams Decl. ¶4) Federal Rule of Evidence 702 provides that expert testimony is
11 admissible only if it satisfies four criteria: (1) the expert's scientific, technical, or
12 other specialized knowledge will help the trier of fact understand the evidence or to
13 determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3)
14 the testimony is the product of reliable principles and methods; and (4) the expert
15 has reliability applied the principles and methods to the facts of the case. Fed. R.
16 Evid. 702. The Supreme Court established in *Daubert v. Merrell Dow Pharms.,*
17 *Inc.,* that the "trial judge must ensure that any and all scientific testimony or
18 evidence admitted is not only relevant, but reliable." 509 U.S. 579, 589 (1993). It is
19 the district court's duty to act as "gatekeeper" and scrutinize expert evidence.
20 *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999); *Primiano v. Cook*,
21 598 F.3d 558, 564 (9th Cir. 2010). "Nothing in either Daubert or the Federal Rules
22 of Evidence requires a district court to admit opinion evidence that is connected to
23 the existing data only by the *ipse dixit* of the expert." *Kumho*, 526 U.S. at 157.
24 "When an expert's opinion is not sufficiently tied to the facts of the case, courts
25 have found that the opinion in unreliable and should be precluded." *Dynetix Design*
26 *Solutions, Inc. v. Synopsys, Inc.*, 2013 WL 4538210, at *2 (N.D. Cal. Aug. 22,
27
28

1  2013); *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1115 (N.D. Cal. 2011)

The defense introduced <u>no testimony</u> as to its CASp expert's qualifications, principles and methods to form his opinion, or any of the required criteria of FRE 702. Nor did the defense include any declaration from CASp expert Craig Lobnow that describes any methodology by which Mr. Lobnow apparently analyzed the Property. *E.g. Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 930- 31 (C.D. Cal. 2010) aff'd sub nom. *Gable v. Nat'l Broad. Co., Inc.*, 438 F. App'x 587 (9th Cir. 2011) (excluding expert testimony where the expert had "not identified the principles and methods that he used to form his opinion, making it impossible for the court to evaluate whether such methods are reliable," and where the expert testimony was "entirely unsupported and conclusory.") Therefore, the Court must exclude paragraph 3-5 and Exhibit 1 of Adams Decl. because of the many foundational and authentication defects of FRE 602, 702, and 902.

In addition to being inadmissible expert testimony under FRE 702, the statements allegedly made by Mr. Lobnow are inadmissible hearsay under FRE 802. The report and its accompanying documents allegedly created by Mr. Lobnow and attached as Exhibit 1 to Adams Decl. are statements, made out of court, offered to prove the truth of the matter asserted, and are therefore inadmissible hearsay. Moreover, Exhibit 1 does <u>not</u> qualify for any hearsay exception under FRE 803[1]. Similarly, Mr. Adams' statement that Mr. Lobnow "determined that [the Property] is

---

[1] Exhibit 1 is not a Record of Regularly Conducted Activity under FRE 803(6), because it was not "kept in the course of a regularly conducted activity of" Defendant [803(6)(B)], and making the record of Exhibit 1 was not a "regular practice of that activity" [803(6)(C)]. Furthermore, even Exhibit 1 did meet the requirements of 803(6)(A-C), which it does not, it would fail under 803(6)(D) because there is no certification on record that complies with Rule 902(11) or (12).

5

now fully ADA compliant" is also inadmissible hearsay, and thereby creates two levels of inadmissible hearsay (both Mr. Adams' statement and Exhibit 1 introduced by that statement). "[H]earsay evidence in Rule 56 affidavits is entitled to no weight." *Scosche Industries, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681 (9th Cir. 1997) (internal quotes omitted). Indeed, "hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions." *Paul v. Holland America Line, Inc.* 463 F.Supp.2d 1203, 1206 (W.D. Wash. 2006), ci*ting Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980).

Finally, the documents allegedly created by Mr. Lobnow, including various statements of his which would typically be included in a declaration under penalty of perjury are not accompanied by his signed declaration under oath as required by C.D. Cal. L.R. 5-4.3.4(3). Therefore, the Adams Decl. ¶ 4 and Exhibit 1 must be stricken for being inadmissible hearsay under FRE 802 and for failure to comply with L.R. 5-4.3.4(3), in addition to being inadmissible under FRE 602, 702, and 902.

While only legally objectionable on grounds of relevancy (FRE 402), Mr. Adams states that "Plaintiff's counsel refused each request to meet and confer and refused to do dismiss all or any part of his claims." (Adams Decl.¶5) It is notable that the defense filed its motion despite no pressing deadlines after being advised that Plaintiff's attorney was on vacation in Alaska and unable to meet and confer until his return. (Declaration of Craig Cote' ¶ 3-4)

**SPECIFIC EVIDENTIARY OBJECTIONS**
**TO THE DECLARATION OF WILLIAM ADAMS**

| | **Proffered Evidence** | **Objection** |
|---|---|---|
| 1. | Adams Decl., at ¶ 3 ("Since the lawsuit was filed, Defendants have modified the property located at 2646 | Lacks Personal Knowledge (FRE 602) Mr. Adams provides no testimony that he has personal knowledge of the Property, its modifications, or whether "modifications" have any effect |

6

| | **Proffered Evidence** | **Objection** |
|---|---|---|
| | E Alessandro Boulevard, Riverside, CA 92508.") | on the accessibility of the Property because he is not an expert.<br><br>Irrelevant (FRE 402) That the Property has been "modified", without admissible evidence of how or whether the change affects its accessibility, is irrelevant. |
| 2. | Adams Decl., at ¶ 4 ("After the modifications were completed, Certified Access Specialist Craig Lobnow (CA State No. 634) of ProCasp, inspected the property and determined it is now fully ADA compliant, and in particular the barriers alleged by Plaintiff are "corrected.") | Lacks Personal Knowledge (FRE 602) Mr. Adams is not an expert but is trying to testify on behalf of an expert witness and as to expert testimony and introduce an expert report, to which he did not prepare himself and has no personal knowledge.<br><br>Lacks Foundation (FRE 702) Mr. Adams is not an expert but is trying to testify on behalf of an expert witness and as to expert testimony and introduce an expert report, to which he did not prepare himself and therefore has no foundational basis.<br><br>Lacks Authentication (FRE 902) Mr. Adams is not an expert but is trying to testify on behalf of an expert witness and as to expert testimony and introduce an expert report, to which he did not prepare himself, and therefore has no basis to authenticate.<br><br>Inadmissible Hearsay (FRE 802) Mr. Lobnow "determined that [the |

|  | **Proffered Evidence** | **Objection** |
|---|---|---|
|  |  | Property] is now fully ADA compliant" is inadmissible hearsay. |
| 3. | Exhibit 1 to Adams Decl. | Lacks Personal Knowledge (FRE 602) Mr. Adams is not an expert but is trying to testify on behalf of an expert witness and as to expert testimony and introduce an expert report, to which he did not prepare himself and has no personal knowledge.<br><br>Lacks Foundation (FRE 702) Mr. Adams is not an expert but is trying to testify on behalf of an expert witness and as to expert testimony and introduce an expert report, to which he did not prepare himself and therefore has no foundational basis. The defense further provided no evidence as to the qualifications, principles and methods for Craig Lobnow to form his opinion.<br><br>Lacks Authentication (FRE 902) Mr. Adams is not an expert but is trying to testify on behalf of an expert witness and as to expert testimony and introduce an expert report, to which he did not prepare himself, and therefore has no basis to authenticate.<br><br>Inadmissible Hearsay (FRE 802) The report and its accompanying documents allegedly created by Mr. Lobnow and attached as |

| | **Proffered Evidence** | **Objection** |
|---|---|---|
| | | Exhibit 1 to Adams Decl. are statements, made out of court, offered to prove the truth of the matter asserted. |
| | | Testimony that fails to comply with L.R. 5-4.3.4(3) |
| 4. | Adams Decl., at ¶ 5 ("I emailed Plaintiff's attorneys on August 23, 2018, Sept. 7, 2018 and Sept. 10, 2018, attaching the CASp Inspection report showing the property to be fully compliant and requesting to meet and confer regarding dismissal. Nevertheless, Plaintiff's counsel refused each request to meet and confer and refused to do dismiss all or any part of his claims. | Lacks Personal Knowledge (FRE 602) Mr. Adams provides no testimony that he has personal knowledge about whether the property is "fully compliant" or conclusions as to accessibility based on an unauthenticated report. <br><br> Lacks Foundation (FRE 702) and Lacks Authentication (FRE 902) as to the report. <br><br> Irrelevant (FRE 402) Irrelevant that Plaintiff's counsel failed to dismiss all or part of his claims based on Defendant's counsel's half-hearted attempt to meet and confer, despite no pressing deadlines and being informed that Plaintiff's counsel was on vacation and unable to meet and confer until his return. (Declaration of Craig Cote' ¶ 3-4) |

9

## **CONCLUSION**

For the reasons stated herein, Plaintiffs requests that paragraphs 3-5 and Exhibit 1 of Mr. Adams declaration be disregarded and stricken.

DATED: October 5, 2018      Respectfully submitted,

MANNING LAW APC

By:    */s/ Joseph R. Manning, Jr.*
        Joseph R. Manning, Jr., Esq.
        Attorneys for Plaintiff
        JAMES RUTHERFORD