Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff: JAMES RUTHERFORD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

JAMES RUTHERFORD, an individual;

Plaintiff,

vs.

SHELL GAS STATION, a business of unknown form; GETTY LEASING, INC., a Delaware corporation; and DOES 1-10, inclusive,

Defendants.

**Case No.: 5:18-cv-01123-ODW-RAO**

**NOTICE OF MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT**

**DATE: 3/11/2019**
**TIME:** 1:30 P.M.
**COURTROOM:** 5D

**HON. OTIS D. WRIGHT II**

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on **March 11, 2019** at **1:30 P.M.**, or as soon thereafter as the matter may be heard, Plaintiff JAMES RUTHERFORD ("Plaintiff") will move this Court located at **3470 Twelfth Street, Riverside, California 92501** Courtroom **5D**, for leave to file a Second Amended Complaint. Plaintiff moves this Court for an order under Rule 15(a) of the Federal Rules of Civil Procedure granting Plaintiff leave to file the Second Amended Complaint in the form shown in the copy of the proposed Second Amended Complaint that is attached to the Declaration of Joseph R. Manning, Jr. as Exhibit 1.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on January 18, 2019. This motion is based upon this Notice, the attached Memorandum of Points and Authorities, any attached declarations, and on such other evidence attached or as may be presented at the hearing of this motion.

Dated: February 9, 2019 **MANNING LAW, APC**

By: */s/ Joseph R. Manning, Jr., Esq.*
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Craig G. Côté, Esq.
Osman M. Taher, Esq.
Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff: JAMES RUTHERFORD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

JAMES RUTHERFORD, an individual;

Plaintiff,

vs.

SHELL GAS STATION, a business of unknown form; GETTY LEASING, INC., a Delaware corporation; and DOES 1-10, inclusive,

Defendants.

**Case No.: 5:18-cv-01123-ODW-RAO**

**MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT**

**DATE: 3/11/2019**
**TIME:** 1:30 p.m.
**COURTROOM:** 5D

**HON. OTIS D. WRIGHT II**

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

## I. INTRODUCTION

On May 25, 2018, Plaintiff JAMES RUTHERFORD ("Plaintiff") filed the complaint in this case alleging violations of the Americans With Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). [ECF No. 1]. The Plaintiff's complaint alleges that Shell Gas Station and the property on which it is located at 2646 Alessandro Blvd Riverside, CA 92508 ("Subject Property") which was owned by Getty Leasing, Inc., are not accessible to persons with disabilities.

On July 11, 2018, Plaintiff filed the First Amended Complaint. [ECF No. 11].

On August 10, 2018, Defendants filed a Motion to Dismiss. [ECF No. 17].

On September 17, 2018, defendants filed a Motion for Partial Summary Judgment. [ECF No. 22].

On January 10, 2019, Plaintiff's expert, Kenneth Arrington who is a Certified Access Specialist ("CASp"), inspected the Subject Property. Plaintiff now moves to amend his Complaint to elaborate on the areas addressed in the First Amended Complaint by adding additional factual allegations and additional violations found by Plaintiff's expert during the January 10, 2019 inspection.

Plaintiff initiated the meet and confer process regarding the instant motion on January 18, 2019 and, although the parties were not able to come to an agreement, in compliance with Local Rule 7-3, the parties have thoroughly discussed "…the substance of the contemplated motion and any potential resolution." *See* Declaration of Joseph R. Manning, Jr..

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure gives parties the opportunity to amend their pleadings in two different circumstances. The first circumstance, which is not available to Plaintiff at this time, is *Amending as a Matter of Course.* This is an automatic amendment that is allowed as long as it is done either before a response to

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

the pleading is filed or 20 days after the pleading sought to be amended is filed.[1]

Secondly, if time has passed or a responsive pleading has been filed, the amending party's only other option is to either seek the consent of the opposing party to amend, or obtain leave to amend from the court.[2] When seeking leave to amend from the court, the court will give leave to amend "when justice so requires."[3] Generally, leave to amend will be granted unless the weighing of several factors show that the amendment would be inappropriate.[4] It may be denied where it creates an element of undue surprise or prejudice to the opposing party.[5] Courts have pointed out that no unfair prejudice should be found simply because a party has to defend against a better-pleaded claim.[6] Where a deficiency could be cured by an amendment, leave to amend should be granted.[7]

## III. ARGUMENT

As stated above, Defendants have violated the ADA and Unruh Act by failing to provide a facility that is accessible to persons with disabilities. Plaintiff seeks leave of Court to elaborate on the areas addressed in the Complaint by adding additional factual

---

[1] FRCP 15(a)1

[2] FRCP 15(a)2

[3] FRCP 15(a)2

[4] United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F. 3d. 1048, 1052 (9th Cir. 2001) (Weighing bad faith undue delay, prejudice and futility)

[5] Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F. 3d 1048 1052 (9th Cir. 2003) ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.")

[6] Popp Telcom, Inc. v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.")

[7] Lopez v Smith, 203 F. 3d 1122, 1130 (9th Cir. 200) (leave to amend should be granted even if not requested).

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

allegations and additional violations found by Plaintiff's expert during the January 10, 2019 inspection. Motions to Amend should be granted as justice so requires and Plaintiff is entitled to relief from Defendants based upon a Complaint conforming to the evidence which seeks complete relief. As such, justice requires that Plaintiff be granted leave to amend Plaintiff's operative pleading.

Motions to amend should only be denied if granting the motion would cause undue surprises or prejudice to other party. At this stage of litigation and the nature of the requested amendment, Defendants' strategy in defending this matter will be minimally affected as Defendants and defense counsel are readily familiar with both the allegations and associated causes of action. Moreover, Defendants have not yet begun discovery. Since the amended Complaint would not materially change any position Defendants have taken, this would not constitute undue surprise on the Defendants.

For the reasons discussed above, Plaintiff's amendment would not adversely affect Defendants' defenses. Thus, it would not constitute undue prejudice on Defendant as the opposing parties.

## IV. CONCLUSION

This Court should grant Plaintiff leave to amend Plaintiff's Complaint because justice does so require. It would not cause undue surprise or prejudice to Defendants because it neither adversely affects Defendants, nor does it substantially change Defendants' defenses. In no way does it cause prejudice to Defendants as Defendants are already preparing to defend in relatively the same manner as it would after an amendment to Plaintiff's operative pleading. Therefore, in weighing these factors, this Court should grant Plaintiff's Motion for Leave to Amend the Complaint.

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Dated: February 9, 2019 **MANNING LAW, APC**

By: */s/ Joseph R. Manning, Jr., Esq.*
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Craig G. Côté, Esq.
Osman M. Taher, Esq.
Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660