# United States District Court
# Central District of California

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>    Plaintiff,<br><br>vs.<br><br>COASTLINE PARTNERS, LLC, , GETTY LEASING, INC., and DOES 1-10, inclusive.<br><br>    Defendants. | Case No. 5:18-CV-1123-ODW (RAOx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMEND COMPLAINT [37] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [17], DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [22], AND PLAINTIFF'S MOTION TO STRIKE [32]** |

## I. INTRODUCTION & PROCEDURAL HISTORY

Presently before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Mot., ECF No. 37.) On May 25, 2018, Plaintiff James Rutherford initiated the instant action against Defendants Shell Gas Station and Getty Leasing, Inc., for violations of the Americans with Disabilities Act ("ADA"). (*See generally* Compl., ECF No. 1.) Plaintiff subsequently amended his complaint to assert these claims against Defendants Getty Leasing, Inc., and Coastline Partners, LLC, ("Defendants"). (First Am. Compl. ("FAC"), ECF No. 11.) On August 10, 2018, Defendants moved to dismiss Plaintiff's FAC (Mot. to Dismiss, ECF No. 17) and

subsequently, on September 17, 2018, Defendants moved for Partial Summary Judgment. (Mot. for Partial Summ. J., ECF No. 22.) However, before the Court ruled on Defendants' motions, Plaintiff moved for Leave to File an Amended Complaint ("Motion"), which Defendants failed to timely oppose. (Mot., ECF No. 37.) The Court denied Defendants' subsequent ex parte application for an extension of time after Defendants filed a late opposition. (ECF No. 47.)

For the reasons that follow, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**.[1]

## II. DISCUSSION

Local Rule 7-9 requires the non-moving party to file an opposition or non-opposition no later than twenty-one (21) days before the noticed hearing date. C.D. Cal. L.R. 7-9. Here, Plaintiff noticed the hearing date for its Motion for March 11, 2019, meaning Defendants' opposition was due February 18, 2019. (*See* Mot.) However, Defendants failed to oppose until February 22, 2019, four days after the deadline, and the Court denied Defendants' ex parte application for an extension of time. Accordingly, Defendant's opposition was untimely under the Local Rules.

Central District Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule). In determining whether to grant an unopposed motion, courts weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

---

[1] After carefully considering the papers filed in connection with to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

*Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that the first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating that the fourth factor always weighs against dismissal).

Here, the second factor weighs in favor of granting Plaintiff's motion. The Court must manage its docket to ensure the efficient administration of justice. Defendants are represented by counsel and thus cannot claim ignorance of Local Rules and deadlines. Furthermore, on May 31, 2018, the Court issued a minute order advising that "Counsel are STRONGLY encouraged to review the Central District's website for additional information." (ECF No. 10.) The Court intends this admonition to provide fair warning to counsel that they must be familiar with the Local Rules, which provide the requisite deadlines to oppose motions like the one currently pending before the Court. Thus, the Court's need to manage its docket favors granting Plaintiff's motion.

The third factor addresses the potential risk of prejudice to Defendants. Here, the risk of prejudice to Defendants is slight. If, after the Court grants Plaintiff's Motion, Defendants do not seek reconsideration or other relief, then the case will proceed, and Defendants may re-file its motions. In the event that Defendants do seek reconsideration, and the Court grants it, the Defendants may simply update and refile the motions they have already prepared. Thus, the third factor weighs in favor of granting Plaintiff's motion.

The final factor requires contemplation of the availability of less drastic sanctions. The Court is aware that Defendants maintain the lack of opposition is due to miscalendaring as opposed to not filing at all. Such failure does not demonstrate a lack of commitment or interest in prosecuting the case, but does not persuade the court

that less drastic sanctions are better suited at this juncture. In sum, this factor does not weigh heavily in either direction and is therefore neutral.

On balance, the *Ghazali* factors weigh in favor of granting Plaintiff's unopposed Motion for Leave to File an Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**. (ECF No. 37.) Accordingly, Defendants' Motion to Dismiss (ECF No. 17), Defendants' Motion for Partial Summary Judgment (ECF No. 22), and Plaintiff's Motion to Strike Declaration of Craig Lobnow (ECF No. 32) are **DENIED as moot.**

**IT IS SO ORDERED.**

March 7, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**